DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on relator Theresa L. Rangel's complaint in mandamus. Relator seeks an order from this court compelling the Lucas County Child Support Enforcement Agency to stop the withholding and disbursement of child support from relator's wages.
{¶ 2} The relevant facts are as follows. On December 19, 2001, Magistrate Dennis Parish issued a decision ordering relator to pay child support in the amount of $183.60 a month. The magistrate's decision specifically stated: "Parties have 14 days from the filing of this decision to file written objections with the Juvenile Clerk of Courts. A separate judgment entry shall be prepared for Judge Ray to sign in 14 days and a wage assignment to Ms. Rangel's employer shall be prepared."
{¶ 3} Juv.R. 40(E)(4)(a) provides that a "magistrate's decision shall be effective when adopted by the court as noted in the journal record."
{¶ 4} Relator filed timely objections to the magistrate's December decision on January 2, 2002. On January 28, 2002, a judgment entry was file stamped and signed by the judge. The judgment entry, bearing the date December 19, 2001, stated as follows: "The Court being fully advised in the premises finds that objections have not been filed but will be filed by the defendant, Theresa Rangel, mother and because of the importance of the decision the Court heard arguments on the oral motion to stay the execution of the Magistrate's decision. The Court finds insufficient reasons to stay the execution of the Magistrate's decision and to prevent further harm to the child. It is therefore ordered, adjudged and decreed that the Magistrate's decision shall be in full force and affect December 19, 2001 until further order of the Court."
{¶ 5} Juv.R. 40(E)(4)(c) states: "The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. The court may make an interim order on the basis of a magistrate's decision without waiting for or ruling on timely objections by the parties where immediate relief is justified. An interim order shall not be subject to the automatic stay caused by the filing of timely objections. An interim order shall not extend more than twenty-eight days from the date of its entry unless, within that time and for good cause shown, the court extends the interim order for an additional twenty-eight days."
{¶ 6} The trial court in this case never ruled on relator's timely objections nor did the trial court extend the January 28 order for an additional 28 days. Thus, the trial court's file stamped January 28 order is, on its face, an interim order and was effective for only 28 days. As the January 28 order is an interim order, it was not a final appealable order. (See this court's decision in David W. v. Theresa R. (Aug. 5, 2002), 6th Dist. No. L-02-1183.)
{¶ 7} Based on the foregoing, relator has established her entitlement to the requested extraordinary relief in mandamus to compel the Lucas County Child Support Enforcement Agency to stop withholding child support from Relator's wages. Therefore, we grant the writ. Respondent's motion for judgment on the pleadings is rendered moot. Relator's motion for leave to amend the caption of relator's complaint is found well-taken. Costs assessed to respondent.
Peter M. Handwork, J., Melvin L. Resnick, J., Richard W. Knepper,J., Concur.